ORIGINAL

FILED ___ LODGED
___ RECEIVED ___ COPY

DEC 3 1 2003

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ C  DEPUTY

X FILED ___ LODGED
RECEIVED ___ COPY

JAN 0 6 2004

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY X _____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA
## PHOENIX DIVISION

SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

    vs.

IRA J. GAINES, Individually and doing
business as WRIGLEY DRIVE PARTNERS and
MORTEN AVENUE PARTNERS,

      Defendant.

CASE NO.
CIV02-1685 PHX (PGR)

## AGREED FINAL JUDGMENT AS TO
## DEFENDANT IRA J. GAINES

The Securities and Exchange Commission having filed a *Complaint* and Defendant Ira J. Gaines ("Defendant") having answered it; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this *Agreed Final Judgment* without admitting or denying the allegations of the *Complaint* (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this *Agreed Final Judgment*:

AGREED FINAL JUDGMENT AS TO
DEFENDANT IRA J. GAINES
*SEC vs. IRA J. GAINES*

PAGE 1

㉑

1

## I.

2       **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant

3 and his agents, servants, employees, attorneys, and all persons in active concert or

4 participation with him who receive actual notice of this *Agreed Final Judgment* by

5 personal service or otherwise are permanently restrained and enjoined from violating,

6 directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange

7 Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-

8 5], by using any means or instrumentality of interstate commerce, or of the mails, or of

9 any facility of any national securities exchange, in connection with the purchase or sale

10 of any security:

11          (a)      to employ any device, scheme, or artifice to defraud;

12          (b)      to make any untrue statement of a material fact or to omit to state a

13                   material fact  necessary in order to make the statements made, in the

14                   light of the circumstances under which they were made, not

15                   misleading; or

16          (c)      to engage in any act, practice, or course of business which operates

17                   or would operate as a fraud or deceit upon any person.

18

19

20

21

22

AGREED FINAL JUDGMENT AS TO
DEFENDANT IRA J. GAINES
*SEC vs. IRA J. GAINES*

PAGE 2

1

## II.

2      **IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that

3   Defendant and his agents, servants, employees, attorneys, and all persons in active

4   concert or participation with him who receive actual notice of this *Agreed Final*

5   *Judgment* by personal service or otherwise are permanently restrained and enjoined from

6   violating Section 14(e) of the Exchange Act [15 U.S.C. § 78n(e)] and Rule 14e-1 [17

7   C.F.R. § 240.14e-1] promulgated thereunder, in connection with any tender offer or

8   request or invitation for tenders, from (a) making untrue statements of material fact, or

9   omitting to state material facts necessary in order to make the statements made, in light of

10  the circumstances under which they were made, not misleading; and/or (b) engaging in

11  fraudulent, deceptive or manipulative acts or practices.

12

## III.

13     **IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that

14  Defendant and his agents, servants, employees, attorneys, and all persons in active

15  concert or participation with him who receive actual notice of this *Agreed Final*

16  *Judgment* by personal service or otherwise are permanently restrained and enjoined from

17  directly or indirectly, offering, making or engaging in a mini-tender offer, which is

18  defined as an offer for less than five percent of a public company's equity securities that

19  are not subject to the disclosure and procedural rules that apply to other types of tender

20  offers.   The above language does not pertain to offers to purchase bonds or limited

21  partnerships.

22

1

2                                    **IV.**

3       **IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that

4   Defendant is liable for disgorgement of $63,810, representing profits gained as a result of

5   the conduct alleged in the *Complaint*, together with prejudgment interest thereon in the

6   amount of $8,603, for a total of $72,413.   Defendant shall satisfy this obligation by

7   paying $72,413, within ten (10) business days after entry of this *Agreed Final Judgment*

8   by certified check, bank cashier's check, or United States postal money order payable to

9   the Securities and Exchange Commission.   The payment shall be delivered or mailed to

10   the Office of Financial Management, Securities and Exchange Commission, Operations

11   Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall

12   be accompanied by a letter identifying Ira J. Gaines as a defendant in this action; setting

13   forth the title and civil action number of this action and the name of this Court; and

14   specifying that payment is made pursuant to this *Agreed Final Judgment*.

15                                    **V.**

16       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

17   shall pay a civil penalty in the amount of $50,000 pursuant to Section 21(d) of the

18   Exchange Act [15 U.S.C. §78u(d)].   Defendant shall make this payment within ten (10)

19   business days after entry of this *Agreed Final Judgment* by certified check, bank cashier's

20   check, or United States postal money order payable to the Securities and Exchange

21   Commission.   The payment shall be delivered or mailed to the Office of Financial

22   Management, Securities and Exchange Commission, Operations Center, 6432 General

1  Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a

2  letter identifying Ira J. Gaines as a defendant in this action; setting forth the title and civil

3  action number of this action and the name of this Court; and specifying that payment is

4  made pursuant to this *Agreed Final Judgment*.

**VI.**

6       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is

7  incorporated herein with the same force and effect as if fully set forth herein, and that

8  Defendant shall comply with all of the undertakings and agreements set forth therein.

**VII.**

10       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court

11  shall retain jurisdiction of this matter for the purposes of enforcing the terms of this

12  *Agreed Final Judgment*.

**VIII.**

14       There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules

15  of Civil Procedure, the Clerk is ordered to enter this *Agreed Final Judgment* forthwith

16  and without further notice.

Dated this _5th_ day of _Jan_ , 2004.

PAUL G. ROSENBLATT
UNITED STATES DISTRICT JUDGE

AGREED FINAL JUDGMENT AS TO                                    PAGE 5
DEFENDANT IRA J. GAINES
*SEC vs. IRA J. GAINES*

1  APPROVED AS TO FORM AND CONTENT:

2

3

4  MARSHALL GANDY

5  Texas Bar No. 07616500
   Attorney for Plaintiff
6  UNITED STATES SECURITIES AND
   EXCHANGE COMMISSION
7  Burnett Plaza, Suite 1900
   801 Cherry Street, Unit #18
8  Fort Worth, Texas 76102-6882
   Telephone: (817) 978-6464
9  Facsimile: (817) 978-4927

10

11

12  _____

   ALAN S. BASKIN
13  Arizona Bar No. 013155
   Attorney for Defendant
14  Ira J. Gaines,
   individually and doing business as,
15  Wrigley Drive Partners and
   Morten Avenue Partners
16
   Roshka Heyman & DeWulf PLC
17  400 East Van Buren Suite 800
   Phoenix, AZ 85004-2262
18  Telephone: (602) 256-6100
   Facsimile: (602) 256-6800

19

20

21

22

AGREED FINAL JUDGMENT AS TO                                    PAGE 6
DEFENDANT IRA J. GAINES
*SEC vs. IRA J. GAINES*

1    APPROVED AS TO FORM AND CONTENT:

2

3

4    _____
     MARSHALL GANDY
5    Texas Bar No. 07616500
     Attorney for Plaintiff
6    UNITED STATES SECURITIES AND
     EXCHANGE COMMISSION
7    Burnett Plaza, Suite 1900
     801 Cherry Street, Unit #18
8    Fort Worth, Texas 76102-6882
     Telephone: (817) 978-6464
9    Facsimile: (817) 978-4927

10

11

12   _____
     ALAN S. BASKIN
13   Arizona Bar No. 013155
     Attorney for Defendant
14   Ira J. Gaines,
     individually and doing business as,
15   Wrigley Drive Partners and
     Morten Avenue Partners
16
     Roshka Heyman & DeWulf PLC
17   400 East Van Buren Suite 800
     Phoenix, AZ 85004-2262
18   Telephone: (602) 256-6100
     Facsimile: (602) 256-6800

19

20

21

22

AGREED FINAL JUDGMENT AS TO                                    PAGE 6
DEFENDANT IRA J. GAINES
*SEC vs. IRA J. GAINES*